EFFIE B. SHEARMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55900. Promulgated July 26, 1932.

*Charles B. McInnis, Esq.*, for the petitioner.
*Nathan Gammon, Esq.*, for the respondent.

718

OPINION.

Van Fossan: Section 42 of the Revenue Act of 1928 provides:

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.

Article 33 of Regulations 74 contains the following statement:

Dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the shareholder.

The petitioner contends that the doctrine of constructive receipt should not be applied and cites *Commissioner* v. *Adams*, 54 Fed. (2d) 229; affirming our decision in *Cecil Q. Adams*, 20 B. T. A. 243. She asserts that the dividends from W. R. Grace & Company were not actually received by her until January 2, 1929, and that inasmuch as her return was made by the cash receipts and disbursements basis, section 42 of the Revenue Act of 1928 is controlling. Whether or not there has been constructive receipt depends on the facts. In the *Adams* case the facts led us to hold that there was not such receipt, while in *Mary Miller Braxton*, 22 B. T. A. 128, we held that dividends were constructively received and should be included in gross income. The cases are entirely reconcilable. Section 42 applies to income both actually and constructively received during the taxable year.

The petitioner further claims that even if the Board should follow its decision in the *Braxton* case, *supra*, the dividends received by her from W. R. Grace & Company were not unqualifiedly made subject to her demand in 1928. She contends that she could not have received dividends from W. R. Grace & Company until after its close of business on December 31, 1928, by virtue of the resolutions of that corporation adopted on March 7, and December 12, 1928. A careful scrutiny of those resolutions, however, discloses that its dividends were payable on December 31, 1928, *to stockholders of*

*record at the close of business on that day.* No specific method of payment was directed. The stipulated facts also show that the dividend checks were mailed to the petitioner by W. R. Grace & Company " on December 31, in the usual course of business and after the stock transfer books of W. R. Grace & Company were closed for the day on December 31, 1928." It does not appear what time of day the corporation closed its stock transfer books or ceased business, but it is unnecessary for us to inquire as to that fact. The mailing of the dividend checks was an act done " in the usual course of business " on December 31, 1928, and after the *close* of the stock transfer books. The petitioner could have made a personal demand for and received her dividend payments from the corporation at the close of business on December 31, 1928.

On the facts here present we are of opinion that the dividends in question were unqualifiedly made subject to the petitioner's demand during 1928 and are subject to tax for that year.

*Judgment will be entered for the respondent.*